UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON O. MURPHY, Sr., | Case No. 2:23-cv-01458-DJC-JDP (PS) |
| Plaintiff, | **ORDER** |
| v. | GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* |
| ANTIOCH POLICE DEPARTMENT, | ECF No. 2 |
| Defendant. | **FINDINGS AND RECOMMENDATIONS** |
| | THAT PLAINTIFF'S COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM |
| | ECF No. 1 |
| | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff brings this action against defendant Antioch Police Department, purporting to allege various state law claims. The complaint alleges neither a cognizable claim nor a basis for subject matter jurisdiction. I will therefore recommend dismissal of this action. I will also grant plaintiff's application to proceed *in forma pauperis*, ECF No. 2, which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2).

1

**Screening and Pleading Requirements**

Plaintiff's complaint is subject to screening under 28 U.S.C. § 1915(e). That statute requires the court to dismiss any action filed by a plaintiff proceeding *in forma pauperis* that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief against a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

The complaint fails to state a cognizable claim. Plaintiff alleges claims for negligence, breach of contract, discrimination, harassment, and assault, but does not describe the events giving rise to those purported claims. ECF No. 1 at 2. His allegations do not describe what

1  happened, how he was injured, or how defendant was responsible for any injuries.[1]  Additionally,
2  plaintiff has not alleged facts establishing federal question jurisdiction.  Plaintiff's claims sound
3  in state law, and there is no allegation that diversity jurisdiction exists.  *See* 28 U.S.C. §§ 1331;
4  1332.

5  Accordingly, plaintiff's complaint is deficient and cannot proceed.  I recommend that the
6  dismissal be without leave to amend.  The instant complaint is one several complaints that
7  plaintiff has filed in this court that contains vague and conclusory allegations.  Each of his prior
8  complaints were dismissed for failure to state a claim or lack of subject matter jurisdiction.  *See,*
9  *e.g.*, *Murphy v. First Republic Bank, N.A.*, No. 2:21-cv-00399-JAM-CKD (PS) (discussing
10 plaintiff's repeated failure to establish subject matter jurisdiction and satisfy the pleading
11 standard); *Murphy v. Federal Express Corp.*, No. 2:21-cv-00142-KJM-KJM (PS); *Murphy v.*
12 *Farmers Ins. Co.*, No. 2:20-cv-1456-KJM-DB (PS).  Given plaintiff's history of failing deficient
13 complaint, I find that granting leave to amend would be futile.  *See Silva v. Di Vittorio*, 658 F.3d
14 1090, 1105 (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is proper
15 only if it is absolutely clear that the deficiencies of the complaint could not be cured by
16 amendment.") (internal quotation marks omitted).

17 Accordingly, it is hereby ORDERED that plaintiff's application to proceed *in forma*
18 *pauperis*, ECF No. 2, is granted.

19 Further, it is hereby RECOMMENDED that plaintiff's complaint, ECF No. 1, be
20 dismissed without leave to amend for failure to state a claim.

21 These findings and recommendations are submitted to the United States District Judge
22 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
23 after being served with these findings and recommendations, any party may file written
24 objections with the court and serve a copy on all parties.  Such a document should be captioned
25 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

---

[1] Out of an abundance of caution, I have considered the separate memorandum that plaintiff has filed on the docket.  ECF No. 4.  It also fails to shed any light on his claims, however.

objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    January 24, 2024                                             
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE